IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RAFAEL VEGA and MARILYN RAMOS,

    Plaintiffs,

v.

RICECO, LLC; RICECO INTERNATIONAL, INC.;
UNITED PHOSPHORUS, INC.; UPL LIMITED;
SIDDHARTH BHATTACHARYA; JAMES HINES;
PINKY GHOSH-BAGORIA; and, FAROKH HILLOO,

    Defendants.

Civil Action No.: _____
(JURY TRIAL DEMANDED)

## COMPLAINT UNDER THE FLSA

COMES NOW Plaintiff Rafael Vega and Plaintiff Marilyn Ramos, by and through their undersigned counsel, and brings this action against Defendants RiceCo, LLC; RiceCo International, Inc.; United Phosphorus, Inc.; ULP Limited; Siddharth Bhattacharya; James Hines; Pinky Ghosh-Bagoria; and, Farokh Hilloo, under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay overtime compensation.

### **PARTIES**

1. Plaintiff Rafael Vega ("Mr. Vega") is an adult resident of Shelby County, Tennessee residing at 6771 Forrest Circle, Bartlett, Tennessee 38135.

2. Plaintiff Marilyn Ramos ("Ms. Ramos") is an adult resident of Shelby County, Tennessee residing at 6771 Forrest Circle, Bartlett, Tennessee 38135.

3. Defendant RiceCo, LLC ("RiceCo") is a Delaware corporation with its principal place of business at 5100 Poplar Avenue, Suite 2428, Memphis, Tennessee 38137. RiceCo may

1

be served with process through its registered agent, United Corporate Services, Inc., 401 Commerce Street, Suite 710, Nashville, Tennessee 37219. RiceCo is a domestic distributor of Propanil and other crop protection products. RiceCo is a wholly owned subsidiary of Defendant ULP Limited. At all times relevant herein, RiceCo was a for-profit corporation, organized under the laws of Delaware. The acts of RiceCo's employees were in connection with their employment and/or agency. Accordingly, RiceCo is responsible and vicariously liable for the acts of its employees and affiliates, as hereinafter described, under the doctrines of respondeat superior, apparent agency, actual agency, and express agency. At all times relevant, Defendant RiceCo was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Defendant RiceCo International, Inc. ("RiceCo International") is a foreign corporation established under the laws of the Commonwealth of the Bahamas with its principal place of business in Nassau, Bahamas. Although not registered to do business in Tennessee, upon information and belief, RiceCo International operates its business within the state of Tennessee at 5100 Poplar Avenue, Suite 2428, Memphis, Tennessee 38137. RiceCo International is an international distributor of Propanil and other crop protection products. Upon information and belief, RiceCo International is a wholly owned subsidiary of Defendant UPL Limited. At all times relevant herein, RiceCo International was a for-profit corporation, organized and existing under the laws of the Commonwealth of the Bahamas. RiceCo International, at all times relevant herein, was conducting business in Shelby County, Tennessee, where the actions alleged herein took place. The acts by RiceCo International's employees were in connection with their duties at RiceCo International and they were acting within the scope of their employment and/or agency. Accordingly, RiceCo International is responsible and vicariously liable for the acts of its employees and affiliates, as hereinafter described, under the

doctrines of respondeat superior, apparent agency, actual agency, and express agency.  At all times relevant, Defendant RiceCo International was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant United Phosphorus, Inc. ("UPI") is a Delaware corporation with its principal place of business at 630 Freedom Business Center, Suite 402, King of Prussia, Pennsylvania 19406.  UPI may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Upon information and belief, UPI, along with its parent company, UPL Limited, are legally responsible for the acts described herein because at the time of the acts, UPI and UPL dominated RiceCo's and RiceCo International's finances and their policy and business practices related to the acts described herein so that RiceCo and RiceCo International had no separate mind, will or existence and such control was used to commit fraud, deceit, dishonest and unjust acts in violation of Plaintiffs' rights.  Such control by UPI and the wrongful use of that control was a direct cause of Plaintiffs' injuries.  At all times relevant, Defendant UPI was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. Defendant UPL Limited (formerly known as United Phosphorus Limited) ("UPL") is a corporation established under the laws of India, with its principal place of business at Uniphos House, 11th Road, Opp Madhu Park, Chitaker Dhurandar Marg, Khar (West) Mumbai 400 052.  UPL may be served with process through its registered agent, c/o United Phosphorus, Inc., Corporation Service Company, 2711 Centerville Road, #400, Wilmington, Delaware 19808.  Upon information and belief, United Phosphorus Limited is the parent company of UPI.  As the parent company of UPI, RiceCo and RiceCo International, UPL is legally responsible for the acts described herein because at the time of the acts, UPL dominated RiceCo's and RiceCo

3

International's finances and their policies and practices related to the acts described herein so that RiceCo and RiceCo International had no separate mind, will or existence and such control was used to commit fraud, deceit, dishonest and unjust acts in violation of Plaintiffs' rights. Such control by UPL and the wrongful use of that control was a direct cause of Plaintiffs' injuries. At all times relevant, Defendant UPL was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Siddhart Bhattacharya ("Mr. Bhattacharya") is, upon information and belief, an adult resident of Shelby County, Tennessee and may be served at 5100 Poplar Avenue, Suite 2428, Memphis, Tennessee 38137. Upon information and belief, Mr. Bhattacharya is the General Manager for Supply Chain & Trade Compliance for the North American division of UPI and, upon information and belief, has direct control over the hiring, compensation, pay and termination practices at UPI. Upon information and belief, Mr. Bhattacharya is also an employee of UPL. At all times relevant, Mr. Bhattacharya was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Farokh Hilloo ("Mr. Hilloo") is the Global Sales director at UPL Limited and, upon information and belief, has direct control over the hiring, compensation, pay and termination practices at RiceCo and RiceCo International in Memphis, Tennessee. Mr. Hilloo is a citizen of India and may be served through the appropriate provisions of the Hague Convention. At all times relevant, Mr. Hilloo was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. James Hines ("Mr. Hines") is, upon information and belief, a resident of Shelby County, Tennessee and may be served at 5100 Poplar Avenue, Suite 2428, Memphis, Tennessee 38137. Mr. Hines is the founder and Chief Executive Officer of RiceCo, LLC and, upon

information and belief, has direct control over the hiring, compensation, pay and termination practices at RiceCo. At all times relevant, Mr. Hines was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Pinky Ghosh-Bagoria ("Ms. Ghosh") is, upon information and belief, a resident of Shelby County, Tennessee and may be served at 5100 Poplar Avenue, Suite 2428, Memphis, Tennessee 38137. Ms. Ghosh is the International Operations Director of RiceCo, LLC and, upon information and belief, has direct control over the hiring, compensation, pay and termination practices at RiceCo. At all times relevant, Ms. Ghosh was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. RiceCo, RiceCo International, UPI, and UPL (collectively "the Corporate Defendants") are, and at all times herein mentioned, were engaged in related activities performed through unified operation or common control for common business purposes, and are and, at all times hereinafter mentioned, were enterprises within the meaning of 29 U.S.C. § 203(r).

12. The Corporate Defendants are, and at all times herein mentioned, were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C.§ 203(s)(1)(A) in that said enterprises at all times herein mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, the Corporate Defendants have annual sales of not less than $500,000.

13. The Corporate Defendants and Mr. Bhattacharya, Mr. Hines, Ms. Ghosh and Mr. Hilloo (collectively "the Individual Defendants"), at all times herein, have been the "employer"

of the Plaintiffs under the meaning of 29 U.S.C. § 203(d), since they have acted directly in the interests of the Corporate Defendants in relation to establishing the pay terms and compensation concerning the Plaintiffs' employment, including but not limited to, making the decision not to compensate the Plaintiffs at the legally required overtime rates for hours worked in excess of forty (40) in a workweek.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## FACTS

15. RiceCo is a domestic distributor of Propanil and other crop protection products (insecticides and herbicides).

16. RiceCo International is an international distributor of crop protection products.

17. In 1998, RiceCo, along with the additional Corporate Defendants and the Individual Defendants, hired Mr. Vega. He was ultimately given the title of "Export Manager." His duties included inside sales of products, maintaining contact with customers via email and phone regarding shipments, preparing quotes for customers, reviewing letters of credit and preparing sales reports. Mr. Vega had no employees who reported to him and had no supervisory authority.

18. In 2014, RiceCo, along with the additional Corporate Defendants and the Individual Defendants, hired Ms. Ramos and provided her with the title of "Logistics and Customer Service Manager." Ms. Ramos provided domestic logistics services and customer service to RiceCo's domestic customers. Ms. Ramos had no employees who reported to her and had no supervisory authority.

19. The FLSA requires covered employers, such as Defendants, to compensate nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

20. During the applicable statutory period, Ms. Vega and Ms. Ramos were nonexempt employees under the FLSA.

21. During the applicable statutory period, Defendants had knowledge and were therefore aware that Ms. Vega and Ms. Ramos were nonexempt employees, yet Defendants suffered and permitted both Mr. Vega and Ms. Ramos to routinely work more than forty (40) hours per work week without paying them overtime compensation at one and one-half times their regular rate of pay.

22. During their employment for the Defendants, Mr. Vega regularly worked an average of seventy (70) hours per work week. Ms. Ramos regularly worked an average of sixty (60) hours per work week.

23. At all times during the applicable statutory period, Defendants were aware that Plaintiffs worked in excess of forty (40) hours per work week on a routine and regular basis. Plaintiffs' primary duties did not require that they exercise significant discretion and independent judgment on significant business matters. Rather, Plaintiffs work duties included inside sales, customer service and various other duties, clerical in nature. Further, Plaintiffs were always supervised and monitored by Defendants. Mr. Vega and Ms. Ramos were nonexempt employees under the FLSA.

24. On or about August 2015, both Mr. Vega and Ms. Ramos were terminated from their employment at RiceCo.

25. Mr. Vega and Ms. Ramos were terminated from employment for their refusal to remain silent about and refusal to participate in illegal activities.

26. Mr. Vega has been deprived of overtime compensation during the relevant period.

27. Ms. Ramos has been deprived of overtime compensation during the relevant period.

28. As a result of the Defendants' actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(2), with respect to Plaintiffs. Thus, Plaintiffs have each suffered a loss of wages due to the Defendants' failure to pay overtime to which Plaintiffs are legally entitled.

29. Further, by failing to accurately record, report, and/or preserve Plaintiffs' time records or other records of all hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to Plaintiffs sufficient to determine their individual wages, hours, overtime and other compensation conditions and pay practices concerning the employment, in violation of FLSA, 29 U.S.C. §§ 201, *et seq.*

30. Additionally, Defendants were well aware that they were required to pay Plaintiffs overtime compensation for all hours worked each work week in excess of forty (40).

31. The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of federal law.

## CAUSE OF ACTION

32. All previous paragraphs are incorporated as though fully set forth herein.

33. Defendants are employers covered by the FLSA.

34. Plaintiffs are entitled to the protections of the FLSA.

35. The FLSA entitles employees to compensation for every hour worked in a work week. *See* 29 U.S.C. § 206(b).

36. The FLSA entitles employees to overtime compensation "not less than one and one-half time" their regular rage of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

37. Defendants violated the FLSA by failing to pay Plaintiffs any compensation, including overtime premium compensation, for hours worked over 40 during each workweek.

38. The exact amount of unpaid overtime compensation owed to the Plaintiffs is not presently known to Plaintiffs, but will be determined through discovery and the evidence presented at trial.

39. In violating the FLSA, Defendants have acted willfully and with reckless disregard of the clearly applicable provisions of the FLSA, thus entitling the Plaintiffs to liquidated damages.

40. The Defendants' actions were knowing and willful and amounted to intentional violations of the FLSA. The Defendants' violations of the FLSA were not in good faith.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs in this action demand:

1. Judgment against Defendants for an amount equal to unpaid back wages at the applicable overtime rates for the last three (3) years, with prejudgment interest to the fullest extent permitted under law in an amount not less than $500,000.00;

2. Judgment against Defendants that their violations of the FLSA were willful;

3. Judgment in an amount equal to the wage and overtime damages as liquidated damages;

4. All recoverable, costs, expenses, and attorneys' fees incurred in prosecuting these claims;

5. All other general legal and equitable relief to which the Plaintiffs may be entitled;

6. Leave to add other defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d) as the facts of this case may warrant;

7. An order requiring Defendants to preserve all electronically stored information ("ESI") relevant to this lawsuit;

8. Plaintiffs demand a jury trial as to all claims so triable; and,

9. For all such further relief as the Court deems just and equitable.

Respectfully Submitted,

/s/JAMES M. SIMPSON
JAMES M. SIMPSON (TN BPR NO 015023)
ALLEN, SUMMERS, SIMPSON, LILLIE
& GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
Telephone: (901) 763-4200
Facsimile: (901) 684-1768
jsimpson@allensummers.com

/s/KEVIN D. HUDSON
KEVIN D. HUDSON (TN BPR NO. 27316)
AMANDA M. GARLAND (TN BPR NO. 33843)
HUDSON ZISKIN PLLC
5860 Ridgeway Center Parkway, Suite 101
Memphis, Tennessee 38120
Telephone: (901) 290-1686
Facsimile: (901) 213-7971
kevin@hudsonziskind.com

ATTORNEYS FOR PLAINTIFF